*500 OPINION.
Siefkin :
The respondent added $18,640.21 to William P. Adams’ income for 1922 on account of depreciation sustained and allowed on the property which was burned in 1922 and replaced in 1922 and 1923. The petitioners say the addition was in error and base their contention upon section 202 (d) (2) of the Revenue Act of 1921 and the Board’s decisions in Pelican Bay Lumber Co., 9 B. T. A. 1024; aff'd.; 31 Fed. (2d) 15, and Piedmont-Mount Airy Guano Co., 3 B. T. A. 1009; while the respondent justifies his action under our decision in Joseph L. B. Alexander et al., 13 B. T. A. 1169. The last cited case, however, does not involve an involuntary conversion, but deals with the question of income to a lessor by the erection of buildings on the leased land. Both the cases cited by the petitioner do, however, deal with the question of gain from involuntary conversion. In the decision of the Circuit Court of Appeals, above referred to, the court said:
* * * Manifestly Congress considered an excess of insurance over original cost as a gain and in case of reinvestment a portion of this gain, which otherwise would be taxable as such, is offset by the authorized deduction. In the instant case the entire amount of the insurance collected was reinvested and hence the Commissioner taxed no gain against the appellant.
*501 In tbat case the taxpayer was claiming a loss because it rebuilt its plant after a fire at a much larger cost than the insurance money received. In computing the loss the taxpayer deducted from the total cost of the new factory the accrued depreciation on the old plant, the salvage and the insurance received. The Commissioner of Internal Revenue required the taxpayer to capitalize the difference between the cost of the new mill and the amount of the insurance. This Board approved that determination and the Board’s decision was affirmed by the Circuit Court of Appeals.
The facts of this proceeding are that William P. Adams, the owner of the property, leased it to the partnership, the terms of the lease being that the partnership would return the property at the end of the lease in the same condition as at the beginning. The lease made the partnership liable for the replacement of the buildings. They insured the buildings, a fire occurred, insurance was collected and reinvested in new buildings. If we consider that the purpose of Congress was to withdraw property used to replace involuntarily converted property from the scope of the Revenue Act, making it not subject to gain or loss, where, as here, the entire amount received was reinvested, we must hold that William P. Adams did not realize a gain in the amount of depreciation allowed on the building which was burned. We do consider that to have been the purpose of Congress and we so hold.

Judgment will be entered v/nder Rule 50.